(Not for Publication)                                                                                    (Docket No. 18)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                              :
ERIC HOOTEN,                                  :
                                              :
        Plaintiff,                       :          Civil No. 06-1746 (RBK)
                                              :
        v.                               :          **OPINION**
                                              :
UNITED STATES OF AMERICA,                     :
                                              :
        Defendant.                       :
_____           :

**KUGLER**, United States District Judge:

    This matter comes before the Court upon motion by Defendant United States of America ("United States"). The United States seeks either dismissal of or summary judgment on the complaint of Plaintiff Eric Hooten ("Plaintiff"). Because the United States is immune from suit based on the facts Plaintiff has alleged, the motion will be granted.

**I.**    **BACKGROUND**

    This motion comes before the Court in the context of a motion to dismiss, and so the Court will accept the factual allegations in the Complaint as true. Plaintiff is a prisoner in the custody of the Bureau of Prisons. On June 11, 2005, Plaintiff was placed in the Segregated Housing Unit ("SHU") at the Federal Correctional Institution at Fort Dix. When he was transferred into the SHU, his personal property was secured in his locker. Plaintiff was released from the SHU and transferred back into the general housing unit on July 18, 2005. After he returned to the general housing unit, he discovered that some of his personal property was

missing. On July 23, 2005, Plaintiff filed an administrative claim for $353.45, the value of his missing property. Plaintiff later amended his Complaint to add in a related claim for $304.50. Plaintiff attempted to amend his Complaint again to add in a related claim for $26.35; however, this motion was denied without prejudice for failure to exhaust administrative remedies.

The United States filed the present motion seeking dismissal based on lack of subject matter jurisdiction on August 14, 2007. The United States argues that Plaintiff's claims are barred because the United States has not waived sovereign immunity for claims based on the loss of personal property by a law enforcement officer.

## II.   DISCUSSION

The Court finds that Plaintiff's case is barred by the recent decision of the Supreme Court of the United States in Ali v. Fed. Bureau of Prisons, No. 06-9130, 2008 WL 169359 (S. Ct. Jan. 22, 2008). In Ali, the Court applied 28 U.S.C. § 2680(c), which limits the waiver of sovereign immunity contained in the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680 (2006) ("FTCA"). Petitioner Ali claimed that officers of the Federal Bureau of Prisons had lost or misappropriated his personal property while he was being transferred from one facility to another. He filed an administrative tort claim seeking the value of the lost goods. The District Court, and then the Eleventh Circuit, held that Ali's claims were barred by an exception to the wavier of sovereign immunity contained in the FTCA. The exception, 28 U.S.C. § 2680(c), provides that the waiver of sovereign immunity shall not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." The Supreme Court, resolving a circuit split on the meaning of "any other law

enforcement officer," affirmed, holding that § 2680(c) "forecloses lawsuits against the United States for the unlawful detention of property by 'any,' not just 'some,' law enforcement officers", including officers of the Federal Bureau of Prisons.  Ali, 2008 WL 169359, * 7.

Plaintiff Hooten's claims similarly arise from the detention of property by a law enforcement officer from the Federal Bureau of Prisons.  Accordingly, the exception in § 2680(c) to the FTCA's waiver applies, and sovereign immunity bars Plaintiff's claims.  Dolan v. Postal Service, 546 U.S. 481, 485 (2006).

### III.  CONCLUSION

Because this Court finds this case to be indistinguishable from Ali, Plaintiff's Complaint will be dismissed for lack of subject matter jurisdiction.


Dated:     1/28/2008                                  /s/ Robert B. Kugler
                                                      ROBERT B. KUGLER
                                                      United States District Judge